6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 3 0 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ELI ELORZA | § |
| | § |
| VS. | § |
| | § |
| SEARS ROEBUCK AND CO.; CONSUMER | § |
| PROGRAMS, INC. d/b/a SEARS PORTRAIT | § |
| STUDIO; and SIMON PROPERTY GROUP, | § |
| INC. d/b/a VALLE VISTA MALL | § |

CIVIL ACTION NO. B-01-060

## DEFENDANT'S ORIGINAL ANSWER AND JURY DEMAND

TO THE HONORABLE UNITED STATES JUDGE:

COMES NOW SIMON PROPERTY GROUP (TEXAS), L.P., improperly named as SIMON PROPERTY GROUP, INC. d/b/a VALLE VISTA MALL in Plaintiff's Original Petition, Defendant in the above entitled and numbered cause, and files this Original Answer and Jury Demand in response to Plaintiff's Original Petition, and in support thereof, would show the Court as follows:

### PLAINTIFFS' FAILURE TO STATE A CLAIM

1.     Defendant states that Plaintiff's Original Petition fails to state a claim upon which relief can be granted against Defendant.

### ANSWER

2.     Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph I of Plaintiff's Original Petition, and therefore, denies same.

3.     Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph II of Plaintiff's Original Petition, and therefore, denies same.

4.     Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraphs 1 and 2 of Paragraph III of Plaintiff's Original Petition, and therefore, denies same.

5.      Defendant admits that it can be served through its registered agent CT Corporation in Dallas as alleged in sub-paragraph 3 of Paragraph III of Plaintiff's Original Petition.

6.      Defendant admits that this Court has jurisdiction of this cause of action and that venue is proper in Cameron County as alleged in Paragraph IV of Plaintiff's Original Petition.

7.      Defendant denies the allegations contained in Paragraph V of Plaintiff's Original Petition.

8.      Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph VI of Plaintiff's Original Petition, and therefore, denies same.

9.      Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph VII of Plaintiff's Original Petition, and therefore, denies same.

10.     Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph VIII of Plaintiff's Original Petition, and therefore, denies same.

11.     Defendant denies the allegations contained in Paragraph IX of Plaintiff's Original Petition.

12.     Defendant denies the allegations contained in Paragraph X of Plaintiff's Original Petition.

13.     Defendant denies the allegations contained in Paragraph XI of Plaintiff's Original Petition.

14.     Defendant denies the allegations contained in Paragraph XII of Plaintiff's Original Petition.

15. Defendant denies that Plaintiff is entitled to a judgment, damages, pre-judgment interest, post-judgment interest, costs, or any other relief prayed for in the prayer of Plaintiff's Original Petition.

16. Defendant denies each and every allegation contained in Plaintiff's Original Petition not specifically admitted herein.

## AFFIRMATIVE DEFENSES

17. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, due to the contributory negligence of the Plaintiff in that he failed to exercise ordinary care, caution and prudence to avoid the incident and/or the injuries in question. Plaintiff's acts and omissions, whether taken together or separately, proximately caused the injuries and damages to Plaintiff which are alleged in Plaintiff's petition.

18. For further answer, if such be necessary, and pleading in the alternative, Defendant alleges Plaintiff is barred from recovery by the doctrine of contributory negligence, comparative negligence, and/or comparative causation.

19. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that if Plaintiff was damaged and injured as alleged, which is not admitted but is expressly denied, such injuries were the result of an unavoidable accident.

20. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the act or omission of a person other than Defendant was the sole proximate cause of the incident in question.

21. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that if Plaintiff was damaged and injured as alleged, which is not admitted but is expressly denied, such injuries were caused or contributed to, in whole or in part, by a party for whom Defendant is not responsible.

22.     For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the acts or omissions of Plaintiff or other third parties were the sole proximate cause or a new and independent cause of the incident and injuries complained of in this lawsuit.

23.     For further answer, if such be necessary, and pleading in the alternative, Defendant states that the injuries and damages alleged by Plaintiff were caused, proximately caused, solely caused or solely proximately caused by some person or third person other than Defendant.

24.     For further answer, if such be necessary, and pleading in the alternative, Defendant states that Plaintiff's alleged injuries and damages resulted from new and independent, intervening and/or superseding causes beyond the control of and unrelated to any conduct of Defendant.

25.     For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the damages in this case, if any, were proximately caused by the negligence of third parties and any recovery should be barred or diminished under the applicable provisions of the law.

26.     For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate the effect of the alleged injuries and damages as required by law.

27.     For further answer, if such be necessary, and pleading in the alternative, Defendant further invokes the provisions of §33.001 of the Texas Civil Practice & Remedies Code. In this case, Defendant alleges that the negligence of Plaintiff is fifty-one percent (51%) or greater, and therefore, no damages may be recovered from Defendant.

28.     For further answer, if such be necessary, and pleading in the alternative, Defendant further invokes the provisions of §33.013 of the Texas Civil Practices &

Remedies Code in the unlikely event that liability is established by the Plaintiff in this cause.

29.    For further answer, if such be necessary, and pleading in the alternative, Defendant further specifically denies that it is liable for prejudgment interest in this cause of action as pled by Plaintiff.

JURY DEMAND

30.    Defendant hereby requests trial by jury.

WHEREFORE, Defendant Simon Property Group (Texas), L.P. prays that upon final trial and hearing hereof, it have judgment in accordance with the law and facts as found by this Honorable Court and Jury, and for such other and further relief, legal or equitable, general or special, to which it may show itself justly entitled to receive.

Respectfully Submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
Alison D. Kennamer
Attorney-in-Charge
State Bar No. 11280400
Federal Admissions No. 12023
Mitchell C. Chaney
State Bar No. 04107500
Federal Admissions No. 1918
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522-2155
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
SIMON PROPERTY GROUP (TEXAS), L.P.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Defendant's Original Answer and Jury Demand was served on all counsel of record, to-wit:

> Eddie Lucio
> Lucio & Associates
> 1022 East Tyler Street, Building 1
> Harlingen, Texas 78550
> Attorneys for Plaintiff
>
> Charles Willette, Jr.
> Willette & Guerra, L.L.P.
> International Plaza, Suite 460
> 3505 Boca Chica Boulevard
> Brownsville, Texas 78521
> Attorneys for Defendant Sears, Roebuck and Co.

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission, pursuant to the Texas Rules of Civil Procedure, on this 30th day of April, 2001.

Alison D. Kennamer