United States District Court
Southern District of Texas
RECEIVED

AUG 3 1 2001

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ELI ELORZA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-01-060 |
| | § | |
| SEARS ROEBUCK AND CO.; CONSUMER PROGRAMS, INC. d/b/a SEARS PORTRAIT STUDIO; and SIMON PROPERTY GROUP, INC. d/b/a VALLE VISTA MALL | § § § § § | |

## JOINT REPORT OF THE MEETING & JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

1.  State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

    **The meeting was held on August 9, 2001, at the offices of Willette & Guerra, counsel for Defendant Sears Roebuck & Co., in Brownsville, Texas. Armando Villalobos appeared for Eddie Lucio in person and Mr. Lucio appeared telephonically, Alison Kennamer attended for Defendant Simon Property Group (Texas) L.P., Nelson Hall attended for Defendant Consumer Programs, Inc. and Eddie Garza attended for Defendant Sears.**

2.  List the cases related to this one that are pending in any state or federal court with the case number and court.

    **None.**

3.  Briefly describe what this case is about.

    **Plaintiff alleges that he was sitting in the portrait studio in the Sears store in Valle Vista Mall in Harlingen, Texas, when he was hit by a wet acoustical ceiling panel that had fallen. Plaintiff alleges that the portrait studio, owned and operated by Defendant Consumer Programs, Inc., the Sears store, owned and operated by Defendant Sears, Roebuck & Co., and the Mall, owned and operated by Defendant Simon Property Group (Texas), L.P., were negligent for failing to properly maintain the premises.**

> Defendants deny these allegations of negligence and contend specifically that the falling ceiling tile was not the proximate cause of Plaintiffs' alleged injuries and damages, and they dispute the amount of the injuries and damage.

4. Specify the allegation of federal jurisdiction

> Plaintiff filed his suit in state district court. Defendant Sears removed the case on the basis of diversity on the grounds that the named Defendants were all foreign Defendants, in that Defendant Consumer Programs, Inc. is a Missouri corporation whose principal place of business is in Missouri, Defendant Sears Roebuck, & Co. is a New York corporation whose principal place of business is in Chicago, Illinois, and that Defendant Simon Property Group, Inc. is a Delaware corporation with its principal place of business in Indianapolis, Indiana.

> When Defendant Simon subsequently answered, it answered on behalf of the only Simon entity which actually had an interest in the Mall at issue, which was Simon Property Group (Texas) L.P. which is a Texas Limited Liability Partnership with its principal place of business in Indianapolis, Indiana. Therefore, while removal was proper at the time it occurred, federal diversity jurisdiction is now questionable.

5. Name the parties who disagree and the reasons.

> N/A

6. List anticipated additional parties that should be included, when they can be added, and by whom they were wanted.

> Plaintiff is not aware of any anticipated additional parties at this time.

> Defendant Sears is not aware of any anticipated additional parties at this time.

> Defendant Consumer Programs is not aware of any anticipated additional parties at this time.

> Defendant Simon is not aware of any anticipated additional parties at this time.

7. List anticipated interventions.

> N/A

ClibPDF - www.fastio.com

8. Describe class-action issues.

**N/A**

9. State whether each party represents that it had made the initial disclosures required by Rule 26(a). If not describe the arrangements that have been made to complete the disclosures.

> **Plaintiff states that he will make his initial disclosures on or before the date of the initial pretrial conference, currently set for September 17, 2001.**
>
> **Defendant Sears states that it will make its initial disclosures on or before the date of the initial pretrial conference, currently set for September 17, 2001.**
>
> **Defendant Consumer Programs, Inc. has already made its initial disclosures.**
>
> **Defendant Simon states that it will make its initial disclosures on or before the date of the initial pretrial conference, currently set for September 17, 2001.**

10. Describe the proposed agreed discovery plan, including:

    A.    Responses to all the matters raised in Rule 26(f).

**See below**

    B.    When and to whom the plaintiff anticipates it may send interrogatories.

> **Plaintiff has served all Defendants with interrogatories and other written discovery with the Original Petition filed in State court, and the parties have stipulated that pursuant to the Federal Rules of Civil Procedure, the discovery has been stayed pending this meeting, and objections and responses are now due on or before thirty (30) days after the initial pretrial conference in this matter, currently set for September 17, 2001.**

    C.    When and to whom the defendant anticipates it may send interrogatories.

> **Defendants anticipate that they may send interrogatories and other written discovery to Plaintiff within 30 – 60 days of the initial pretrial conference, currently set for September 17, 2001.**

D.  Of whom and by when the plaintiff anticipates taking oral depositions.

**Plaintiff anticipates taking oral depositions of representatives of each Defendant and of any experts designated by Defendants, and that he anticipates that he can take these depositions within 180 days of the initial pretrial conference.**

E.  Of whom and by when the defendant anticipates taking oral depositions.

**Defendants anticipate taking oral depositions of Plaintiff, his wife, treating physicians, possibly eyewitnesses, and any experts designated by Plaintiff, and Defendants anticipate that they can take these depositions within 180 days of the initial pretrial conference.**

F.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**Plaintiff will be able to designate experts and provide reports within ninety days (90) of the initial pretrial conference, currently set for September 17, 2001, which would be December 17, 2001.**

**Defendants will be able to designate experts and provide reports within 120 days of the initial pretrial conference, currently set for September 17, 2001, which would be January 15, 2002.**

G.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Plaintiff anticipates taking the depositions of the experts designated by Defendants and possibly Dr. Ruben Pechero and he anticipates he can complete these depositions on or before 180 days after the initial pretrial conference, which would be March 18, 2002.**

H.  List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Defendants anticipate taking the depositions of the experts designated by Plaintiff and they anticipate they can complete these depositions on or before 180 days after the initial pretrial conference, which would be March 18, 2002.**

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**N/A**

SIMON/Elorza  [     ]
Joint Report of the Meeting & Joint Disc./Case Mgmnt. Plan Under Rule 26(f) Federal Rules of Civil Procedure          Page 4

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

   **Plaintiff has served all Defendants with interrogatories and other written discovery with the Original Petition filed in State court, and the parties have stipulated that pursuant to the Federal Rules of Civil Procedure, the discovery has been stayed pending this meeting, and objections and responses are now due on or before thirty (30) days after the initial pretrial conference in this matter, currently set for September 17, 2001. Plaintiff has voluntarily produced medical records to all parties as a part of pre-trial settlement negotiations.**

13. State the date the planned discovery can reasonably be completed.

   **180 days after the initial pretrial, currently set for September 17, 2001, which would be March 18, 2002.**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

   **The parties have actively discussed the possibility of an early resolution via settlement, and settlement negotiations are ongoing.**

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

   **The parties have actively discussed the possibility of an early resolution via settlement, and settlement negotiations are ongoing.**

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

   **Plaintiff is amenable to mediation, which he believes should take place at the end of the discovery period if informal efforts at settlement have failed.**

   **Defendant Sears is amenable to mediation, which it believes should take place at the end of the discovery period if informal efforts at settlement have failed.**

   **Defendant Consumer Programs is amenable to mediation, which it believes should take place at the end of the discovery period if informal efforts at settlement have failed.**

   **Defendant Simon is amenable to mediation, which it believes should take place at the end of the discovery period if informal efforts at settlement have failed.**

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

   **The parties cannot unanimously agree to trial before the magistrate judge.**

18. State whether a jury demand has been made and if it was made on time.

   **A jury demand has been timely made.**

19. Specify the number of hours it will take to present the evidence in this case.

   **Plaintiff estimates it will take 10 to 16 hours of testimony time to present its evidence.**

   **Defendants estimate it will take 10 hours of testimony time to present their evidence.**

   **This would be a total of 16 – 20 hours of testimony.**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

   **None at this time.**

21. List other motions pending.

   **None at this time.**

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

   **None at this time.**

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

   **All parties have filed their Disclosure of Interested Parties as directed.**

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

   **Mr. Eddie Lucio**
   **Lucio & Associates**
   **State Bar No. 00791145**
   **Federal Admissions No. 22009**
   **1022 East Tyler Street, Building 1**
   **Harlingen, Texas 78550**
   **(956) 428-8788 or (214)220-2199**
   **Counsel for Plaintiff Eli Elorza**

Mr. L. Nelson Hall
Dunn & Weathered, P.C.
State Bar No. 08785800
Federal Admissions No. 6142
DUNN & WEATHERED, P.C.
611 S. Upper Broadway
Corpus Christi, Texas 78401
 (361) 883-1594
Counsel for Defendant Consumer Programs, Inc.

Charles Willette, Jr.
State Bar No. 21509700
Federal Admissions No. 1937
Eddie Garza
Willette & Guerra, L.L.P.
State Bar No. 00796609
Federal Admissions No. 20916
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
(956) 541-1846
Counsel for Defendant Sears, Roebuck & Co., Inc.

Alison D. Kennamer
Attorney-In-Charge
State Bar No. 11280400
Federal Admissions No. 12023
Mitchell C. Chaney
State Bar No. 04107500
Federal Admissions No. 1918
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522-2155
(956) 542-7441
Fax (956) 541-2170
Counsel for Defendant Simon Property Group (Texas) L.P.

Respectfully submitted,

*[signature]*
Eddie Lucio (signed by permission)
LUCIO & ASSOCIATES
State Bar No. 00791145
Federal Admissions No. 22009
1022 East Tyler Street, Building 1
Harlingen, Texas 78550
(956) 428-8788
Fax: (956) 428-8808
**ATTORNEY FOR PLAINTIFF ELI ELORZA**

Respectfully submitted,

*[signature: Nelson Hall]*

L. Nelson Hall
State Bar No. 08785800
Federal Admissions No. 6142
DUNN & WEATHERED, P.C.
611 S. Upper Broadway
Corpus Christi, Texas 78401
(361) 883-1594
Fax: (361) 883-1599

ATTORNEY FOR DEFENDANT CONSUMER
PROGRAMS, INC.

Respectfully submitted,

*Charles Willette Jr.* (with permission)

Charles Willette, Jr. (signed by permission)
State Bar No. 21509700
Federal Admissions No. 1937
Eddie Garza
WILLETTE & GUERRA, L.L.P.
State Bar No. 00796609
Federal Admissions No. 20916
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
(956) 541-1846
Fax: (956) 541-1893

ATTORNEY FOR DEFENDANT
SEARS, ROEBUCK & CO., INC.

Respectfully submitted,

*/s/ Alison D. Kennamer*

Alison D. Kennamer
Attorney-in-Charge
State Bar No. 11280400
Federal Admissions No. 12023
Mitchell C. Chaney
State Bar No. 04107500
Federal Admissions No. 1918
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522-2155
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
SIMON PROPERTY GROUP (TEXAS), L.P.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served on all counsel of record, to-wit:

> Eddie Lucio
> Lucio & Associates
> 1022 East Tyler Street, Building 1
> Harlingen, Texas 78550
> Attorneys for Plaintiff
>
> L. Nelson Hall
> State Bar No. 08785800
> Federal Admissions No. 6142
> DUNN & WEATHERED, P.C.
> 611 S. Upper Broadway
> Corpus Christi, Texas 78401
> Attorneys for Defendant Consumer PRograms,
>
> Charles Willette, Jr.
> Willette & Guerra, L.L.P.
> International Plaza, Suite 460
> 3505 Boca Chica Boulevard
> Brownsville, Texas 78521
> Attorneys for Defendant Sears, Roebuck and Co.

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission, pursuant to the Texas Rules of Civil Procedure, on this 31st day of August, 2001.

_____
Alison D. Kennamer